IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DARREN LEE PRICE, Jr.,

          **Plaintiff,**

vs.

          Case No. CIV-22-112-JFH-JAR

**CORECIVIC, et. al,**

          **Defendant.**

## DEFENDANT'S ANSWER
## TO PLAINTIFF'S COMPLAINT.

    COMES NOW Defendant CoreCivic, Inc., by and through their attorney of record, Darrell L. Moore, OBA #6332, submitting their Answer in opposition to the Plaintiff's Complaint filed herein on April 8, 2022 [Doc.#1]. Defendant has endeavored to directly address every claim of the Plaintiff. However, to the extent any claim therein was not specifically addressed, the same is strictly denied.

    Defendant's Answer to Plaintiff's Complaint is provided to the Court in the same numerical sequence and style as presented by the Plaintiff, as follows:

**(Complaint Page 1 of 9).** No allegations requiring a response by Defendant are contained on Page 1 of 9.

**(Complaint Page 2 of 9).**

**I.**    **Jurisdiction:**

    Admitted.

**II.**    **Plaintiff Information:**

    Admitted.

**III.**     **Prisoner Status:**

    Admitted.

**(Complaint Page 3 of 9).**

**IV.**     **Defendant(s) Information:**

    Defendant 1: CoreCivic Davis Correctional Facility/Warden Mark Gentry.

    Defendant CoreCivic acknowledges service having been accomplished upon the corporation, CoreCivic, Inc.  CoreCivic, Inc., owns and operates the Davis Correctional Facility, Holdenville, Oklahoma. Warden Mark Gentry was Warden, Davis Correctional Facility during 2021.  Plaintiff has not served Defendant Gentry. Mark Gentry is no longer employed with CoreCivic, Inc.

**(Complaint Page 4 of 9).**

    Page 4 of the Plaintiff's Complaint does not contain any allegations requiring a response by Defendant.

**(Complaint Page 5 of 9).**

**V. Statement of Claims:**

    **A. Claim**:  Defendant CoreCivic acknowledges that a housing unit disturbance occurred at Davis Correctional Facility on September 23, 2021.  Defendant admits inmates housed on the Echo Bravo housing unit were lighting materials on fire and throwing the on-fire materials out of their cells into the housing unit dayroom.

    Defendant CoreCivic denies any and all of Plaintiff's allegations that his rights were violated by the Defendant.  Defendant denies that they violated Plaintiff's Eighth Amendment rights or rights he held pursuant to the Fourteenth Amendment.

**FACTS:**

Defendant CoreCivic denies the allegations as presented by the Plaintiff. Defendant admits an incident did occur on the Echo Bravo housing unit on September 23, 2021. Inmates were lighting materials on fire and tossing burning items into the housing unit dayroom. Defendant CoreCivic denies that it violated the rights of the Plaintiff. Plaintiff was initially identified as having been involved in the incident and was therefore removed from his assigned cell without boxer shorts. That matter was almost immediately addressed, and Plaintiff was provided boxer shorts.

**(Complaint Page 6 of 9).**

Defendant CoreCivic denies the allegations as presented by the Plaintiff. Defendant admits that an incident did occur on the Plaintiff's assigned housing unit on September 23, 2021. Inmates were lighting materials on fire and tossing burning items into the dayroom. Plaintiff was initially identified as having been involved in the incident and was therefore removed from his assigned cell without boxer shorts. That matter was almost immediately addressed, and Plaintiff was provided boxer shorts. Defendant CoreCivic denies that it violated the constitutional rights of the Plaintiff.

Defendant acknowledges that Plaintiff Price submitted Grievance no. 2021-391 and pursued the grievance through to conclusion.

**(Complaint Page 7 of 9).**

Page 7 of the Plaintiff's Complaint does not contain any allegations.

**(Complaint Page 8 of 9).**

**VI. Relief Requested:**

Defendant denies that Plaintiff is entitled to any relief, monetary or otherwise. Defendant denies that Plaintiff is entitled to an award of damages, compensatory or otherwise. Defendant denies that the Plaintiff is entitled to any type of relief.

**VII:  Prisoner's Litigation History.**

No allegations requiring a response from Defendant are made by Plaintiff in this section. Defendant is not aware of any strikes that may have been previously placed against the Plaintiff by the Courts.

**(Complaint Page 9 of 9).**

**VIII:  Plaintiff's Declarations:**

Page 9 of the Plaintiff's Complaint consists of his declarations that his testimony is true and correct, and his signature dated April 4, 2022.  No allegations requiring a response from Defendant are made by Plaintiff in this section.

<b><u>DEFENDANT'S AFFIRMATIVE DEFENSES</u></b>

As separate affirmative defenses to the averments contained in the Plaintiff's Complaint, these answering Defendant states as follows:

1. As a separate and alternative affirmative defense, Defendant alleges Plaintiff has not stated a basis for any award of compensatory, exemplary, or punitive damages.

2. As a separate and alternative affirmative defense, Defendant alleges Plaintiff has failed to state a claim or claims upon which relief could be granted. Plaintiff has made no claim of him having suffered an actual physical injury. His Complaint is devoid of any allegation of him having suffered any physical harm.  If his claim is solely one alleging emotional distress, as early as <u>Perkins v. Kansas Dept. of Corrections</u>, 165 F.3d 803 (10th Cir. 1998), the Court stated that although "mental and emotional distress can constitute a compensable injury in suits for damages

under 42 U.S.C. § 1983 based upon violations of constitutional rights, 42 § 1997e(e) provides that such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." Id. at 807. Because Plaintiff has made no claim or claims of having suffered a physical injury, Plaintiff's Eighth Amendment constitutional claim should be dismissed. As regards the Fourteenth Amendment claim by Plaintiff, the prison facility's response to an emergent situation within a maximum-security inmate housing unit on September 23, 2021 where some inmates were throwing on-fire materials out of their cells did not present a type of atypical, significant deprivation and instead was within the range of confinement to be normally expected for one serving an indeterminate term of life without parole as is Mr. Price. *See* Sandin v. Conner, 515 U.S. 472, 487 (1995). Plaintiff's Fourteenth Amendment constitutional claim should be dismissed.

   4. As a separate and alternative affirmative defense, Defendant alleges that insofar as Plaintiff may have attempted to assert a state law based civil claim or tort claim, the same is barred in that he did not first comply with the requirements of 57 O.S. §566.4(B)(2). The Oklahoma Legislature has specifically stated that no tort action or civil claim may be filed against any employee, agent, or servant of the state, the Department of Corrections, private correctional company, or any county jail or any city jail alleging acts related to the duties of the employee, agent, or servant, until all of the notice provisions of the Governmental Tort Claims Act [51 O.S. §151 et seq.] have been fully complied with by the claimant. This requirement shall apply to any claim against an employee of the state, the Department of Corrections, or to any county jail or city jail in either their official or individual capacity, and to any claim against a private correctional contractor and its employees for actions taken pursuant to or in connection with a governmental contract.

5.As a separate and alternative affirmative defense, Defendant alleges that Plaintiff failed to exhaust administrative remedies as to all the claims he has brought forward to the District Court as required by the Prison Litigation Reform Act and Oklahoma law. *See* 42 U.S.C. § 1997e(a) and 57 O.S. §§ 564, 566(A)(1), 566.3(G)(2), 566.5.

6.As a separate and alternative affirmative defense, Defendant alleges that at all times material to the Complaint they acted in good faith and in a reasonable manner.

7.As a separate and alternative affirmative defense, Defendant states that they intend to rely upon other defenses as may become apparent or available during discovery proceedings or which may be raised by separate motion as permitted by the Rules of Civil Procedure.

## **CONCLUSION**

WHEREFORE, Defendant respectfully pray the Court enter its order of judgment in favor of Defendant and against the Plaintiff; that the Court dismiss the Plaintiff's allegations as set forth above; that the Plaintiff take nothing by way of his petition herein; and, that the Defendant be awarded their attorney fees and costs for defense of this action and receive any and all other appropriate relief.

Respectfully submitted,
Defendant CoreCivic

By: /s/ Darrell Moore
DARRELL L. MOORE, OBA 6332
P.O. Box 368
Pryor, OK 74362
(918) 825-0332
(918) 825-7730 fax
Attorney for Defendant

## Certificate of Service

☐ I hereby certify that on August 19, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

☑  I hereby certify that on August 19, 2022, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

Darren Price, DOC# 621929
Davis Correctional Facility
6888 E. 133rd Rd
Holdenville, OK 74848

DARRELL L. MOORE